UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
PHUONG VAN LAM**,**

**THIRD AMENDED COMPLAINT**

Plaintiff,

Case No.: 13-CV-3243 (RA)

-against-

CITY OF NEW YORK, POLICE OFFICER MAURICE HARRINGTON, POLICE OFFICER OSORIO-PEREZ, POLICE OFFICER DANIEL KAPLAN, POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-3,

Defendants.
---------------------------------------------------------------------------------X

Plaintiff, PHUONG VAN LAM, by his attorney, JUSTIN M. ROPER, Esq., for his THIRD AMENDED COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF, PHUONG VAN LAM, seeks damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 16, 2010 at approximately 11:00 P.M., at or near Jerome Avenue and East Kingsbridge Road in Bronx, NY, LAM was falsely arrested by Defendants including, but not limited to, POLICE OFFICER MAURICE HARRINGTON, POLICE OFFICER OSORIO-PEREZ, POLICE OFFICER DANIEL KAPLAN and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3 (hereinafter "Defendants"). It is alleged that Defendants falsely arrested LAM in violation of his constitutional rights and maliciously prosecuted claims against him. While in custody LAM was unlawfully detained for approximately twelve

1

hours and would have to make approximately twenty (20) court appearances.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. Plaintiff, PHUONG VAN LAM (hereinafter "LAM"), at all times resided at 2707 Creston Avenue, Bronx, New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant, POLICE OFFICER OSORIO-PEREZ, (TAX: 939156) (hereinafter "OFFICER PEREZ") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant, POLICE OFFICER MAURICE HARRINGTON, (SH: 6286) (hereinafter "OFFICER HARRINGTON") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. Defendant, POLICE OFFICER DANIEL KAPLAN (SH: 989) (hereinafter "OFFICER KAPLAN") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

8. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-3 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about May 16, 2010 at approximately 11:00 P.M., at or near Jerome Avenue and East Kingsbridge Road in Bronx, NY, LAM was with a friend driving in a vehicle when a car accident occurred between his vehicle and that of another driver.

11. Defendants arrived and instructed LAM to pay the driver of the vehicle money to avoid reporting the collision to their respective insurance companies. LAM refused to do so because he felt he was not responsible for the accident and he was permitted to drive away from the scene.

12. Defendants followed LAM in his vehicle for approximately three blocks and then pulled him over. They got out of the police vehicle, opened LAM's door and placed him under arrest without telling him why he was being arrested.

13. LAM was placed in the back of the police vehicle while his wife came running down from their residence to see what had happened. Defendants, POLICE OFFICER OSORIO-PEREZ, DEFENDANT HARRINGTON and POLICE OFFICERS JOHN DOE(S) #'s 1-3), were searching through LAM's vehicle and throwing the contents of the car onto the street while people from the neighborhood were watching.

14. Defendants proceeded to throw LAM's groceries onto the street and would not allow LAM to speak to his wife to let her know what was taking place. Defendants, POLICE OFFICER OSORIO-PEREZ, DEFENDANT HARRINGTON and POLICE OFFICERS JOHN DOE(S) #'s 1-3), then drove LAM and his vehicle to the police precinct.

15. At the precinct, LAM could not understand the instructions for the sobriety exams and was not shown a video in a language he was familiar with.

16. Defendants falsified documents at the precinct showing that not only had LAM refused the breathalyzer exam, but that he had also admitted to Defendants that he had been drinking.

17. LAM was released from Central Booking on or around May, 17, 2010 at approximately 10:00 P.M. and was told to return at a later date.

18. All charges against LAM were dismissed on or around September 26, 2012. Due to

approximately twenty (20) appearances, Plaintiff could no longer sustain his employment and was fired from his work. Further, Plaintiff was not given a voucher for his vehicle and he lost possession of his vehicle. Plaintiff further lost the ability to stay in his home and is currently in a shelter.

19. That heretofore and on the 24th day of October, 2012, LAM's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of LAM, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

20. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

21. Paragraphs 1 through 20 of this complaint are hereby re-alleged and incorporated by reference herein.

22. That Defendants had neither valid evidence for the arrest of LAM nor legal cause or excuse to seize and detain him for approximately twelve hours.

23. That in detaining LAM for approximately twelve hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color

5

of State and/or local law.

24. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of LAM's rights alleged herein.

27. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of LAM's rights, subjected LAM to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, LAM suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

29. Paragraphs 1 through 28 are hereby re-alleged and incorporated by reference

herein.

30. That Defendants, with malicious intent, arrested LAM and initiated a criminal proceeding despite the knowledge that LAM had committed no crime.

31. That the criminal matter against LAM was terminated in his favor and the court dismissed all charges against him.

32. That there was no probable cause for the arrest and criminal proceeding.

33. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of LAM's rights, deprived LAM of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

34. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, LAM was maliciously prosecuted despite the fact that he had committed no violation of the law.

35. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

36. That as a result of the above described policies and customs, defendant

CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of LAM's rights alleged herein.

38. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

39. That upon information and belief, in 2010, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

40. That by reason of the foregoing, LAM suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

41. Paragraphs 1 through 40 are hereby re-alleged and incorporated by reference herein.

42. That Defendants acted with malicious intent, arrested LAM and initiated a criminal proceeding despite the knowledge that LAM had committed no crime.

43. That the criminal matter was dismissed in LAM's favor.

44. That there was no probable cause for the arrest and criminal proceeding.

45. Defendants knew or should have known that there was no likelihood of a conviction of LAM.

46. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of LAM's rights, deprived LAM of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

47. That by reason of the foregoing, LAM suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Due Process/Fourth Amendment

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof, as if fully set forth herein.

49. Under Krimstock v. Kelly, defendants were required by the Fourth and Fourteenth Amendments of the U.S. Constitution to provide plaintiff, promptly after seizure of plaintiff's vehicle, with the opportunity for a hearing, before a neutral factfinder, where plaintiff could challenge the "probable validity of continued deprivation of [his] vehicle[], including the City's probable cause for the initial warrantless seizure."  Krimstock, 306 F.3d at 69.

50. Under Krimstock, defendants' failure to provide plaintiff with the opportunity for a prompt probable validity hearing before a neutral factfinder constitutes a violation of plaintiff's due process and Fourth Amendment rights.

51. Under Krimstock, the appropriate remedy for this violation includes the immediate and permanent release and return of plaintiff's seized vehicle. See, e.g., Mendez v. United States, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) (Because the government…failed to offer post-seizure evidence to justify continued . . . retention of the seized property, . . . the seized property must be returned) (quoting Krimstock).

52. By reason of defendants' violation of plaintiff's due process and Fourth Amendment rights, plaintiff has also been damaged as a result of the loss of use of his vehicle since May 16, 2010, in an amount to be proved at trial, but not less than $250,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to the 42 U.S.C. § 1988.

IX. FIFTH CAUSE OF ACTION
Arbitrary Administrative Action

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 hereof, as if fully set forth herein.

54. In proceeding against plaintiff's vehicle, defendants have failed to adhere to their own procedural rules set forth in 38-A R.C.N.Y. 12-36 et seq., and have retained plaintiff's vehicle for an unreasonably long period of time without cause or an opportunity to be heard.

55. The arbitrary, capricious and irrational nature of defendants' conduct violates the Fourth and Fourteenth Amendments. See, e.g., Mendez v. United States, 2003 WL 21673616 (S.D.N.Y. July 16, 2003) (Because the government…failed to offer post-seizure evidence to justify continued . . . retention of the seized

property, . . . the seized property must be returned) (quoting Krimstock); DeBellis v. Property Clerk, 79 N.Y.2d 49, 58-59, 580 N.Y.S.2d 157, 162 (1992).

56. Under DeBellis, the 2nd Circuit found that the "scheme violated due process as applied to persons from whose possession money or property, other than contraband, has been taken or obtained, though such money or property was not related to any criminal proceeding, or, if it was so related, such criminal proceedings had been terminated, or if the money or property had been needed as evidence in a criminal proceeding, it was no longer needed for that purpose." 79 N.Y.2d 49.  The court further required a forfeiture or other proceeding to justify the continued detention of property where the property is unrelated to a criminal proceeding, the criminal proceeding is terminated, or the property is not needed Id. at 53.

57. Under DeBellis, Mendez and Krimstock, the appropriate remedy for this violation includes the immediate and permanent release and return of plaintiff's seized vehicle.

58. By reason of defendants' arbitrary, capricious and irrational acts, plaintiff is entitled to the immediate reimbursement of the value of the vehicle at time of seizure as well as interest on the value from the time of seizure.  Plaintiff has also been damaged as a result of the loss of use of his vehicle since May 16, 2010, in an amount to be proved at trial, but not less than $250,000.00, plus costs, pre- and post-judgment interest and attorneys' fees pursuant to 42 U.S.C. § 1988.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

59. Paragraphs 1 through 58 are hereby re-alleged and incorporated by reference herein.

60. That Defendants were acting in furtherance of the duties owed to their employer, Defendant CITY.

61. That at all times Defendants were acting within the scope of their employment.

62. That Defendant CITY was able to exercise control over Defendants activities.

63. That Defendant CITY is liable for Defendants actions under the doctrine of *respondeat superior*.

64. By reason of the foregoing, LAM suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, LAM has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of property, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, LAM respectfully requests that judgment be entered:

1. Awarding LAM compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding LAM punitive damages in an amount to be determined by a jury;

3. Awarding LAM interest from May 16, 2010; and

4. Awarding LAM reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: New York, New York
September 11, 2014

_____
JUSTIN M. ROPER, ESQ.
Nass & Roper Law, LLP
14 Penn Plaza, Suite 2004
New York, NY 10122
TEL/FAX: 718-775-3246

**ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, PHUONG VAN LAM.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         September 11, 2014

_____
JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHUONG VAN LAM,

                                **Plaintiff,**

– against –

CITY OF NEW YORK,
POLICE OFFICER MAURICE HARRINGTON,
POLICE OFFICER OSORIO-PEREZ,
POLICE OFFICER DANIEL KAPLAN,
POLICE OFFICERS JOHN/JANE DOE(S)  #'s 1-3,

                                **Defendants.**

## THIRD AMENDED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**PHUONG VAN LAM**
14 Penn Plaza, Suite 2004
New York, New York 10122
**(718) 775-3246**
Fax: (718) 775-3246*

---

* Not for service of papers.

15